IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TUNJI OHIOMEROO OJEHSEME, on behalf )
of himself and all others similarly situated, )
)
           Plaintiff, )
) Civil Action No. 3:24-37
vs. ) Judge Stephanie L. Haines
)
COMMONWEALTH OF PENNSYLVANIA )
DEPARTMENT OF CORRECTIONS, *et al.*, )
)
           Defendants.

**OPINION**

Pending before the Court is Plaintiff's Motion to Remand pursuant to 28 U.S.C. § 1447. (ECF No. 7). For the reasons that follow, the Motion will be denied.

**I.   Factual and Procedural Background**

This matter was removed to this Court from the Court of Common Pleas of Somerset County on February 23, 2024, (ECF No. 1), with the filing of Defendants' Notice of Removal, which asserts this court has original jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. 1331 and 1343. In the original complaint, (ECF No. 1-2), Plaintiff originally alleged Defendant Justifacts Credential Verification, Inc. ("Justifacts") violated FCRA, 15 U.S.C. §1681e(b) (Count I), and 15 U.S.C. §1681k (Count II), and that Defendants Commonwealth of Pennsylvania, Department of Corrections ("PA DOC OOA"), Christie Schenck, Dr. Laurel R. Harry, Neil Weaver, Kristin Carney, and Sascha McKay-Landis (collectively "Commonwealth Defendants") violated FCRA, 15 U.S.C. § 1681b(b)(3) (Count III).

On March 28, 2024, Plaintiff filed an Amended Complaint ("FAC"). (ECF No. 6). He

1

names the same defendants.[1] Plaintiff alleges he had applied for the position of Correction Food Service Instructor at SCI Somerset with the Public Safety Delivery Center, CR SMR Ad, *id.* ¶ 13, and as part of his application, authorized the release of his background check. *Id.* ¶ 16. After his interview, he was granted a conditional offer of employment on July 6, 2021, subject to the background check. *Id.* ¶ 17. Justifacts performed the background check, provided it to the Commonwealth Defendants, and Commonwealth Defendants initially failed to provide him with a copy. *Id.* ¶¶ 19, 20. Plaintiff alleges that on July 23, 2021, the offer of employment was withdrawn because of information obtained through a background check. *Id.* ¶ 18. Plaintiff alleges that he requested a copy of the Justifacts report from the Commonwealth so that he could "understand why adverse action was taken against him on his employment application" but was not provided with the requested information. *Id.* ¶¶ 20, 21, 25. The report contained references to contained "Work Number" information the source of which was not disclosed to the consumer as being from and a proprietary product of Equifax Information Services LLC ("Equifax"). *Id.* ¶ 23. Plaintiff alleges that "the Commonwealth Defendants systemically deprived Mr. Ojehseme of a clear and conspicuous background check authorization form required by the FCRA." *Id.* ¶ 26. Plaintiff alleges that the Commonwealth Defendants "have deliberately, willfully, recklessly, and negligently adopted a policy and practice that disregards its duty to follow reasonable disclosure procedures in violation of the FCRA." *Id.* ¶ 27. "Defendants' conduct affected Plaintiff . . . when the reports were concealed and contained inaccurate information without providing consumer job applicants like Plaintiff the opportunity to know the details of such inaccurate information to dispute it." *Id.* ¶ 28.

---

[1] Defendants are: Justifacts, the PA DOC OOA (the executive department of the Commonwealth of Pennsylvania charged with overseeing publicly funded prisons in the Commonwealth), Schenck (the Superintendent Assistant for SCI Somerset), Harry (the Acting Secretary of the PA DOC OOA), Weaver (the Acting Secretary of the PA DOC OOA), and Carney (the Region 2 Employee Relations Manager for the PA DOC OOA). *Id.* ¶¶ 3-8

At Count I Plaintiff alleges class claims against Justifacts for violations of 15 U.S.C. § 1681k, as a result of Justifacts failure to disclose the source of information in the "investigative consumer report provided for an employment purpose, as enumerated in FCRA, 15 U.S.C. § 1681g. *Id.* ¶ 40. At Count II, Plaintiff alleges class claims against the Commonwealth Defendants for failure to provide clear and conspicuous notice of rights in violation of FCRA, 15 U.S.C. § 1681b(b)(2). *Id.* ¶ 43. Plaintiff seeks statutory damages of $100 to $1,000 per violation against the Commonwealth Defendants at Counts I and II, pursuant to 15 U.S.C. 1681n(a). *Id.* at 11.

On April 9, 2024, Plaintiff filed the now-pending Motion to Remand, with Brief in Support. (ECF Nos. 7, 8). The Commonwealth Defendants have filed a Response in Opposition, (ECF No. 14), Justifacts has filed a Brief in Opposition. (ECF No. 15), and Plaintiff has filed a Reply, (ECF No. 16). In his motion, Plaintiff argues that as a result of the amended pleading and the decision in *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), expanding on its decision in *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), Defendants' invocation of 28 U.S.C. § 1331 to remove this case to federal court is now defective for lack of subject matter jurisdiction. Plaintiff argues he lacks Article III standing because, as alleged in the FAC, he has not suffered concrete harm, but rather, seeks damages for a statutory violation. Defendant asserts that as alleged, Plaintiff suffered a concrete injury and thus has Article III standing, and therefore, the Motion should be denied.

**II.    Standard of Review**

Generally, a defendant may remove a civil action from state court to federal court "so long as the district court would have had subject-matter jurisdiction had the case been originally filed before it." *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014); 28 U.S.C. § 1441(a). Article III standing is a part of subject-matter jurisdiction. *See Finkelman v. Nat'l Football League*, 810 F.3d 187, 195 (3d Cir. 2016) ("Absent standing on the part of the

3

and intangible harms, such as reputational harms, disclosure of private information, and intrusion upon seclusion. *TransUnion*, 594 U.S. at 425. When determining whether an intangible injury is sufficiently concrete to constitute an injury in fact, "it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Spokeo*, 578 U.S. at 340-41.

Plaintiff is correct that a statutory violation itself does not confer standing. *TransUnion*, 594 U.S. at 427 ("[A]n injury in law is not an injury in fact. Only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court."). Moreover, "[t]hat a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong." *Spokeo*, 578 U.S. at 338, n.6 (quoting *Simon v. E. Kentucky Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976)) (internal quotation marks omitted).

*TransUnion* involved a federal class action complaint brought under FCRA, which creates a cause of action for consumers to sue and recover damages for certain violations. *TransUnion*, 594 U.S. at 421. A credit reporting agency allegedly placed an inaccurate alert on some of its consumers' credit reports indicating that the consumer's name was a potential match to a name on the U.S. Treasury Department's Office of Foreign Assets Control's ("OFAC") terrorist and narcotics trafficker list. *Id.* at 420-21. Consequently, 8,185 consumers with OFAC alerts in their credit files sued the credit reporting agency for failing to use reasonable procedures to ensure the accuracy of their files. *Id.* at 421. The Supreme Court rejected the proposition that a Plaintiff automatically satisfies the injury in fact requirement whenever a statute grants a person a statutory right and purports to authorize a person to sue to vindicate that right. *Id.* at 426. But *TransUnion*

does not support Plaintiff's motion. The Supreme Court held that those class members whose credit reports <u>were</u> disseminated to third parties had Article III standing: "[t]he 1,853 class members therefore suffered a harm with a 'close relationship' to the harm associated with the tort of defamation. We have no trouble concluding that the 1,853 class members suffered a concrete harm that qualifies as an injury in fact." *Id.* at 423. The Court held that the 6,332 class members who did not have their credit reports disseminated to third parties did not suffer a concrete injury. *Id.* at 439. The important distinction in *Ramirez* is between the type of harm suffered, not, as Plaintiff here asserts, the type of damages sought. The 1,853 class members in *Ramirez* who the Court found had Article III standing were also pursuing statutory damages.

Plaintiff cites *Michaeli v. Kentfield Rehab. Hosp. Found.*, No. 21-CV-03035-EMC, 2021 WL 2817162, at *5 (N.D. Cal. July 7, 2021). First, this case, and others cited, (ECF No. 8 at 6-7) are not binding on this Court, and second, the *Michaeli* Plaintiff's case was remanded because he did not allege he himself, as opposed to the class members, was confused by the authorization of a credit check, and in the face of this lack of clarity, a remand due to lack of Article III standing was warranted. *Id.* at *6.

Here, Plaintiff has alleged he suffered a concrete injury as a result of the failure of Defendants to comply with the FCRA; he alleges he was not provided with the information contained in his background check and as a result he lost the opportunity to know the details of the inaccurate information such that he could dispute it, and thus, he has clearly suffered the concrete harm of not being employed with the Department of Corrections. (ECF No. 6 ¶¶ 20, 21, 25-28). This misinformation bears a close relationship to the kind of harm long recognized by American law. *Spokeo*, 578 U.S. at 340-41.

The Court concludes that based upon the alleged facts and the applicable law, there is

sufficient Article III jurisdiction over this matter.

## IV. Conclusion

Based on the foregoing analysis, the Motion for Remand is DENIED.

An appropriate Order follows.


Dated:  February 6, 2026

_____<br>
Stephanie L. Haines<br>
United States District Judge

cc/ecf:  All counsel of record